UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


**FILED**

MMAY 1 2-2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia
Bankruptcy Courts

Kenneth Allen,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     Civil Action No. 10-0571
                                  )
Eric Holder *et al.*,             )
                                  )
          Defendants.             )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and

application to proceed *in forma pauperis*. The Court will grant the application and dismiss the

complaint pursuant to the screening requirements of 28 U.S.C. § 1915A.[1]

Plaintiff is a prisoner at the Federal Correctional Institution in Ashland, Kentucky,

serving a sentence imposed by the United States District Court for the Southern District of

Indiana. He seeks review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, of

the Bureau of Prisons' decisions pertaining to his "security designation and custody

classification." Compl. ¶ 12. Although plaintiff invokes the "General Provisions" governing the

management of federal prisons and prisoners set forth at 18 U.S.C. §§ 4001(b)(1), 4041, 4042(a),

and 4081, *see* Compl. ¶¶ 5, 21-24, his claims arise from determinations specifically authorized by

the "Imprisonment" subchapter codified at 18 U.S.C. § 3621. The APA does not "apply to the

making of any determination, decision, or order under [the imprisonment] subchapter." 18

---

[1] Section 1915A requires the Court to "review, before docketing, if feasible . . . a [civil] complaint . . . in which a prisoner seeks redress from a governmental entity" and to dismiss the complaint upon a determination that, among other grounds, it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a)-(b).

U.S.C. § 3625; *see Miller v. Fed. Bureau of Prisons*, — F. Supp. 2d —, 2010 WL 1172576, *5 (D.D.C., Mar. 29, 2010) (concluding that the plaintiff "has no right of action under the APA arising from the recalculation of his HOV score because BOP decisions involving custody classification and place of confinement are expressly exempt by statute from judicial review under the APA") (citing § 3625); *Perez v. Lappin*, 672 F. Supp. 2d 35, 44 (D.D.C. 2009) (stating that "by statute, the BOP's decision to assign a [public safety factor] is not subject to judicial review under the APA") (citing § 3625 and cases); *Brown v. Fed. Bureau of Prisons*, 602 F. Supp. 2d 173, 176 (D.D.C. 2009) ("The plaintiff's place of imprisonment, and his transfers to other federal facilities, are governed by 18 U.S.C. § 3621(b).").

For the foregoing reasons, the Court finds that the complaint fails to state a claim upon which relief may be granted. A separate order of dismissal accompanies this Memorandum Opinion.

Date: May __11__, 2010

United States District Judge